IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 13-69 |
| | ) | |
| TREMAINE EPPS | ) | |

OPINION

DIAMOND, S.J.

On March 12, 2013, a grand jury returned a three-count indictment against Tremaine Epps ("defendant") charging him at each count with distribution and possession with intent to distribute less than 28 grams of crack cocaine, all in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C).

Presently before the court are the following pretrial motions filed by defendant: (1) motion for early disclosure of Jencks material (Document No. 22); (2) motion to compel production of Brady material (Document No. 23); (3) motion for disclosure of identity of confidential informant (Document No. 24); (4) motion for disclosure of promises of leniency and/or existence of plea bargain agreements (Document No. 25); and, (5) motion to exclude evidence of defendant's prior convictions or bad acts (Document No. 26). The government has filed an omnibus response to all of the pre-trial motions.

Motion for Early Disclosure of Jencks Act Materials

Defendant's first motion seeks early disclosure of materials falling within the purview of the Jencks Act, 18 U.S.C. §3500. Defendant asks that these materials be turned over 45 days in advance of trial.

The Jencks Act provides that after a government witness testifies, and upon motion by the defendant, the government must produce "any statement ... of the witness in the possession of the United States which relates to the subject mater as to which the witness has testified." 18 U.S.C. §3500(b); United States v. Weaver, 267 F.3d 231, 245 (3d Cir. 2001). The purpose of Jencks disclosure "is to provide the defendant with an opportunity to review the witness's statements for any possible inconsistencies that he might use to impeach the witness." United States v. Maury, 695 F.3d 227, 248 (3d Cir. 2012).

Pursuant to 18 U.S.C. §3500(a), "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." Accordingly, "the government has no obligation to produce Jencks material until the witness has testified." Maury, 695 F.3d at 248.

As there is no authority by which this court can compel the government to provide Jencks Act statements prior to the time any government witness has testified on direct examination at trial, defendant's motion for early disclosure of Jencks material will be denied. However, the government has indicated its willingness to turn over any Jencks materials to the defendant two weeks before trial. The court believes that disclosure under that time frame is reasonable and will be sufficient to avoid any unnecessary trial interruptions. Accordingly, the court's order will encourage, but not compel, the government to provide any Jencks materials to the defense no later than two weeks prior to trial. See Maury, 695 F.3d at 248 n. 18 (recognizing that "[d]espite [§3500(a)], many federal prosecutors routinely turn over Jencks material a few days before the witness testifies").

2

## Motion to Compel Production of *Brady* Material

Defendant has filed a motion to compel production of exculpatory and impeachment material as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. This motion will be granted in part and denied in part.

Generally, governmental disclosure of evidence in criminal cases is governed by Federal Rule of Criminal Procedure 16(a). The United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16(a)(1) "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994). As a general matter, these other areas are limited to the Jencks Act and materials available pursuant to the "Brady doctrine." Id.

In Brady, the Supreme Court held that the prosecution violates due process when it suppresses evidence favorable to the defendant that is material either to guilt or punishment. 373 U.S. at 87. Accordingly, the government has an obligation to disclose such evidence, United States v. Moreno, ___ F.3d ___, 2013 WL 3481488 (3d. Cir., July 3, 2013), and "[t]his includes both directly exculpatory evidence and impeachment evidence." United States v. Walker, 657 F.3d 160, 184-85 (3d Cir. 2011)(citing United States v. Bagley, 473 U.S. 667 (1985)(impeachment as well as exculpatory evidence falls within Brady rule)).

In response to defendant's motion, the government has acknowledged its obligations under Brady and its progeny, as well as Fed.R.Crim.P. 16, and indicates it is "willing to cooperate with any reasonable request by defendant." The government further indicates in its response that it is unaware of the existence of any exculpatory Brady material pertaining to defendant, and that it will

3

AO 72
(Rev. 8/82)

disclose any Brady impeachment material, if any, at the time it discloses Jencks material two weeks prior to trial.

While the failure to timely disclose exculpatory evidence is not *ipso facto* reversible error so long as the defendant is not "prevented by lack of time to make needed investigation," United States v. Vella, 414 Fed. Appx. 400, 409 (3d Cir. 2011), exculpatory evidence nevertheless should be disclosed without undue delay. United States v. Kaplan. 554 F.2d 577, 580-81 (3d Cir. 1977)(delayed disclosure of exculpatory evidence is "not desirable and we do not encourage it"). Therefore, while the government indicates it currently is unaware of any exculpatory evidence, should any such evidence be discovered, the court will require the government to disclose it immediately upon becoming aware of it. United States v. Starusko, 729 F.2d 256, 261 (3d Cir. 1984) ("[t]he district court may dictate by court order when Brady material must be disclosed").

While Brady impeachment material ordinarily need be disclosed only "in time for its effective use at trial," United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983), the Third Circuit Court of Appeals also encourages adherence to a long-standing policy of promoting early production of all types of Brady material "to ensure the effective administration of the criminal justice system." Starusko, 729 F.2d at 261 (quoting Higgs, 713 F.2d at 44, n.6). Given the nature of this case, the court believes that disclosure of Brady impeachment material no later than two weeks prior to trial will be sufficient to protect the due process rights of the defendant and to ensure that trial delay is avoided.

As the government is cognizant of its discovery obligations, and has stated its intent to fulfill those obligations if it already has not done so, the defendant's Brady motion will be granted in part and denied in part, and the following order will be entered:

4

1) The government shall disclose all <u>Brady</u> exculpatory material forthwith or immediately upon its discovery;

2) The government shall disclose all <u>Brady</u> impeachment material and Rule 16(a) material no later than two weeks prior to trial;

3) The government shall disclose all Jencks material in accordance with 18 U.S.C. §3500(b), but with encouragement to disclose such material no later than two weeks prior to trial;

4) To the extent defendant requests additional information not discoverable under Rule 16, <u>Brady</u> or the Jencks Act, the motion is denied.

## Motion for Disclosure of Identity of Confidential Informant

Defendant has filed a motion requesting that the government disclose the identity of a confidential informant who defendant believes will be a "key witness and possibly an active participant in the crime charged whose testimony would be significant in determining guilt or innocence." This motion will be denied.

To encourage citizens to report criminal activity, the Government has a "privilege to withhold from disclosure the identity of persons who furnish information" regarding illegal activity. <u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957). A defendant can overcome this privilege if he demonstrates that disclosure "is relevant and helpful to [his] defense" or "is essential to a fair determination" of his guilt. <u>Id.</u> at 60-61; <u>United States v. Johnson</u>, 302 F.3d 139, 148-49 (3d Cir. 2002). While such disclosure is required where "an informer's identity, or ... the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause," <u>Roviaro</u>, 353 U.S. at 60–61, the burden to demonstrate the need for disclosure rests on the defendant. <u>United States v. Jiles</u>, 658 F.2d 194, 197 (3d Cir.1981).

5

AO 72
(Rev. 8/82)

While under Roviaro the government may have a duty to disclose under appropriate circumstances the identity of a confidential informant who will not testify at trial, the Roviaro analysis is inapplicable where the witness will testify, United States v. Casseus, 282 F.3d 253, 257 (3d Cir. 2002), and the government has no duty to disclose a testifying witness's identity. See United States v. Addonizio, 451 F.2d 49, 62 (3d Cir. 1971) ("in no event is the government required to divulge the identity of its witnesses in a noncapital case." ).

Here, defendant avers in his motion that "it is reasonable to conclude" that the confidential informant whose identity defendant seeks "will be a witness for the Government at trial." The government indicates in its response that in regard to confidential informants, if any, who will testify at trial, it will disclose the requested information, including any criminal history information, at the time it provides Jencks material. This court is satisfied that disclosure at that time is reasonable and will permit defendant the opportunity to investigate the criminal history of the witness and to prepare for cross-examination of that witness.

As to confidential informants who will not testify, this court agrees with the government that the defendant has failed to meet his burden to demonstrate the need for disclosure. "The mere speculation that an eyewitness may have some evidence helpful to defendant's case is not sufficient to show the specific need required by Roviaro." US v. Johnson, 677 F.3d 138, 143 (3d Cir. 2012). Here, defendant has offered nothing beyond mere speculation that any confidential informant who will not testify at trial has any information which may be helpful to his case. Accordingly, defendant's motion to disclose the identity of confidential informants will be denied.

AO 72
(Rev. 8/82)

Motion for Disclosure of Promises of Leniency and/or Plea Bargain Agreements

Defendant has filed a motion for disclosure of promises of leniency and/or existence of plea bargain agreements. In essence, this motion requests Brady impeachment material which is a proper subject of discovery under Giglio v. United States, 405 U.S. 150 (1972) (promise made to government witness that he would not be prosecuted if he cooperated was relevant to credibility of witness and non-disclosure of that evidence violated due process); United States v. Friedman, 658 F.3d 342, 357 (3d Cir. 2011) (under Giglio, "the government must disclose materials that go to the question of guilt or innocence as well as materials that might affect the jury's judgment of the credibility of a crucial prosecution witness.")

The government has indicated that it accepts and will comply with its disclosure obligations under Giglio. Accordingly, defendant's motion will be granted and an order will be entered requiring the government to disclose any materials falling within the scope of Giglio two weeks prior to trial along with all other Brady impeachment material.

Motion to Exclude Evidence of Defendant's Prior Convictions or Bad Acts

Defendant's final motion requests a blanket exclusion from trial of any and all evidence of bad acts or prior convictions that the government may seek to introduce under Rules 404(b) and 609 of the Federal Rules of Evidence. This motion will be denied without prejudice.

While "evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," such evidence may be admissible for another purpose, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident,"

7

provided that, upon request by the defendant, the government must provide reasonable notice in advance of trial, or during trial for good cause, of the general nature of any such evidence it intends to introduce at trial. Fed.R.Evid. 404(b).

Evidence is admissible under Rule 404(b) if: (1) it has a proper purpose under Rule 404(b); (2) it is relevant under Rules 401 and 402; (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice under Rule 403; and (4) the court charges the jury to consider it only for the limited purpose for which it is admitted. United States v. Vega, 285 F.3d 256, 261 (3d Cir. 2002)(*citing* Huddleston v. United States, 485 U.S. 681, 691-92 (1988)).

Rule 609(a)(1)(B) provides that, for the purpose of attacking a testifying defendant's character for truthfulness by evidence of a criminal conviction, evidence that the defendant has been convicted of any crime punishable in the convicting jurisdiction by death or imprisonment for more than one year must be admitted if the court determines that the probative value of that evidence outweighs its prejudicial effect to the defendant. The rule also provides that evidence that any witness has been convicted of any crime must be admitted, regardless of punishment, "if the court can readily determine that establishing the elements of the crime required proving - or the witness's admitting - a dishonest act or false statement." F.R.E. 609(a)(2).

Here, defendant summarily states that "prior conviction(s) and bad acts are clearly irrelevant to the defendant's character and reputation for truth and veracity" and that admission of any bad acts or prior convictions would be unduly prejudicial. However, as the government aptly points out in its response, "defendant has not yet requested, and the United States has not yet identified, the specific bad acts, if any, by the defendant that it will seek to introduce at trial."

8

Clearly then, this court cannot make a determination on the admissibility of any such evidence at this time. Moreover, as a general rule "objections as to the admissibility of prior bad acts under Rule 404(b) are properly asserted during trial, not at the pretrial stage." United States v. Giampa, 904 F.Supp. 235, 284 (D.N.J. 1995). Similarly, this court is in no position to make a pretrial ruling on the admissibility of any prior convictions under Rule 609 outside the context of trial. See e.g. United States v. Luce, 469 U.S. 38, 41 (1984)(in order to perform balancing of probative value of a prior conviction against prejudicial effect, the court must know the precise nature of the defendant's testimony).

Accordingly, defendant's motion to exclude evidence of defendant's prior convictions or bad acts will be denied without prejudice as premature.[1]

An appropriate order will follow.

Date: October 7, 2013

*Gustave Diamond*
Gustave Diamond
United States District Judge

---

[1] Although defendant's motion does not specifically ask for disclosure of Rule 404(b) evidence, the government has acknowledged its obligation to provide reasonable notice and indicates it will disclose any bad acts evidence which it will seek to introduce under Rule 404(b) two weeks prior to trial. While Rule 404(b) provides no specific time limit for pretrial notice, this court believes that this time frame is more than sufficient to constitute reasonable notice. Other courts that have considered what constitutes "reasonable notice" have concluded that even shorter periods of time are sufficient notice under the rule. See United States v. Evangelista, 813 F.Supp. 294, 302 (D.N.J. 1993) (ten days); United States v. Alex, 791 F.Supp. 723, 728-29 (N.D.Ill. 1992) (seven days); United States v. Williams, 792 F.Supp. 1120, 1133 (S.D.Ind. 1992) (ten days). The only advance notice requirement under Rule 609 is that the government must provide "reasonable advance written notice" of its intent to use the evidence if 10 years have passed since the conviction or release from confinement for it, whichever is later. Fed.R.Evid. 609(b). The government indicates in its response that it already has provided defendant with a copy of his criminal record.

⚛AO 72
(Rev. 8/82)

cc: Katherine A. King
Assistant U.S. Attorney

Frank C. Walker II, Esq.
FrankWalkerLaw
428 Forbes Avenue
Suite 1800
Pittsburgh, PA 15219

AO 72
(Rev. 8/82)